**Order Affirmed; Opinion Issued December 8, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00451-CV

**JUAN ACRA, SECNER USA, LLC, SECNER HR S.A. DE C.V. AND NORTH
AMERICAN SECNER HOLDINGS, LLC, Appellants
V.
GIOVANNI BONAUDO AND MARIA JILMA MALDONADO, Appellees**

**On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-12-01909**

# MEMORANDUM OPINION ON MOTIONS FOR REVIEW OF
# NET WORTH DETERMINATION

Before Chief Justice Wright, Justice Francis, and Justice Stoddart
Opinion by Justice Stoddart

The underlying cause of action in this appeal stems from a business dispute among Juan Acra, Giovanni Bonaudo, and Bonaudo's wife, Maria Jilma Maldonado. The dispute concerns services Bonaudo provided Acra and the corporate appellants, businesses controlled by Acra. The final judgment awards Giovanni Bonaudo, in relevant part, $403,488.72 in compensatory damages. The judgment is against appellants jointly and severally. Additionally, the judgment orders Acra to pay $18,983.80 in courts costs.

Seeking to suspend the judgment pending appeal, appellants filed a $100 cash deposit along with an affidavit of net worth. Bonaudo contested the affidavit and, following a hearing, the trial court signed individual orders requiring Acra and Secner HR S.A. de C.V. supersede the

judgment by posting bonds in the amount of $462,821.39 and $443,837.59, respectively.[1] By separate motions, Acra and Secner HR seek review of the trial court's orders and ask they be vacated. We affirm the orders.

## BACKGROUND

The affidavit was filed January 18, 2017 and asserted, in relevant part, that, as of that date, Acra's net worth was negative $71,796.20 and Secner HR's net worth was negative $10,282.42.[2] The affidavit listed Acra's assets as a $159,583.50 interest in a condominium; a "checking account" with a balance of $3,749.85; a "CHASE" account with a balance of $976.87; and a "Charles Schwab" account with a balance of $1,465.75. Additionally, the affidavit reflected Acra owned shares in Secner HR and Secner USA worth a "negligible" amount and "shares in certain other companies" with a "de minimus or unknown" value. As to Acra's liabilities, the affidavit listed credit card debt totaling $20,370.82; $15,000 owed to his daughters' private school; "interfamily debts" in the amount of $46,325; legal bills totaling $48,711.35; "loans" in the amount of $2,361.39; a mortgage in the amount of $92,153.61; and, $12,650 in certain "obligations" associated with the condominium. With respect to Secner HR, the affidavit averred its assets totaled $403,037.66 and its liabilities totaled $413,320.08.

At the hearing on the contest, Bonaudo sought to exclude certain evidence, asserting Acra and Secner HR failed to fully comply with an order of production that followed Bonaudo's motion to compel net worth discovery. Acra and Secner HR did not dispute Bonaudo's claim and even acknowledged their failure to produce the ordered documents could impact their ability to demonstrate net worth. The trial court excluded most of the evidence Bonaudo sought to

---

[1] Bonaudo originally contested Secner USA and North American Secner Holdings, LLC's net worth also. However, Bonaudo did not pursue those contests.

[2] The affidavit was completed by Acra who, at the time, was hospitalized and did not have "access to all" the records. The affidavit stated once Acra was discharged, he would "review and revise" the affidavit "as necessary," but no amended affidavit was filed following his discharge.

exclude and, as a result, the only evidence admitted as to Secner HR was that its assets were frozen due to an outstanding judgment obtained in Mexico. As to Acra, the evidence showed he maintained the $159,583.50 interest in the condominium and the $976.87 in the Chase account; had approximately $3700 in a "Scotiabank" account; owned a house in Mexico, where his wife, whom he was in the process of divorcing as of the date of the hearing, lives with their two school-aged daughters; owned the Secner trademark; and owned sixty-five percent of the "Secner shares."[3] The evidence also showed he owed $92,000, as of December 31, 2015, on the mortgage on his house in Mexico, approximately $3200 on a "credit line" and $13,200 in credit card debt, and, along with the other appellants, $50,000 in legal fees. Further, the evidence showed he owed money to his family, Secner HR, and his daughters' private school, but the amounts owed were excluded because of his failure to comply with the order compelling production. Acra estimated his net worth to be negative $143,000, but did not offer evidence of the value of his house in Mexico; the value of the Secner trademark and "Secner shares;" the identity and value of the "other companies" in which he owned shares, as stated in the affidavit; or, the balance in the "Charles Schwab" or checking accounts listed in the affidavit.

Finding neither Acra nor Secner HR presented "complete, detailed and credible admissible evidence" from which the net worth of each could be determined, the trial court concluded the $100 cash deposit posted as security was "insufficient" and ordered the challenged amounts be posted. These amounts were set in accordance with Texas Civil Practice and Remedies Code section 52.006 and Texas Rule of Appellate Procedure 24.2, both of which require the amount of a bond, filed to supersede a money judgment, equal the sum of compensatory damages awarded, interest for the estimated duration of the appeal, and costs

---

[3] The record is unclear as to whether the "Secner shares" referenced include shares of both Secner HR and Secner USA.

awarded in the judgment.[4]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a) (West 2015); TEX. R. APP. P. 24.2(a)(1).

## APPLICABLE LAW

Under Texas Rule of Appellate Procedure 24.1, a judgment debtor may supersede the judgment by making a cash deposit with the trial court clerk in lieu of a bond. *See* TEX. R. APP. P. 24.1(a)(3),(c)(1)(A).  The deposit must be in the amount required by section 52.006 and rule 24.2.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a); TEX. R. APP. P.24.1 (c)(2).

When a judgment debtor makes a cash deposit in lieu of a bond, he must simultaneously file with the trial court clerk a net worth affidavit that provides detailed information concerning his assets and liabilities from which net worth can be ascertained.  *See* TEX. R. APP. P. 24.2(c)(1).  A judgment creditor may contest the net worth affidavit and conduct reasonable discovery concerning the judgment debtor's net worth.  *See id.* 24.2(c)(2).  Upon completion of discovery, the trial court must hear the contest and "issue an order that states the debtor's net worth and states with particularity the factual basis for that determination."  *Id.* 24.2(c)(3).  The judgment debtor bears the burden of proving net worth at the hearing on the contest.  TEX. R. APP. P. 24.2(c)(3).  Review of the trial court's order is for abuse of discretion.  *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.).

## DISCUSSION

In challenging the trial court's orders, Acra and Secner HR both complain the trial court abused its discretion because it failed to state in the orders their individual "net worth and state with particularity the factual basis for that determination."  Acra further complains the evidence

---

[4] This amount, however, must not exceed the lesser of fifty percent of the judgment debtor's current net worth or $25,000,000.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b); TEX. R. APP. P. 24.2(a)(1).  Net worth is calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles.  *G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet).

showing he had a negative net worth was uncontroverted, and Secner HR argues the trial court improperly excluded evidence.

Although the trial court's orders do not state Acra and Secner HR's individual net worth, the orders recite neither Acra nor Secner HR presented "complete, detailed and credible admissible evidence from which the [c]ourt could determine net worth." As to Acra, while some evidence of his assets and liabilities was admitted and that evidence was uncontroverted, no evidence was offered regarding the value of his house in Mexico nor any outstanding mortgage on the house; the value of his shares in Secner HR, Secner USA, and the "certain other companies" referenced in the affidavit; the balance in his "Charles Schwab" or checking accounts listed in the affidavit; or the value of the Secner trademark. Further, because he failed to fully comply with the trial court's order compelling production of certain financial documents, no evidence was allowed showing how much he owed his family, Secner HR, or his daughters' private school.

As to Secner HR, while the evidence established its assets were frozen, its balance sheet as of December 31, 2016 was excluded because of its failure to comply with the order compelling production. Secner HR complains of the exclusion of that evidence, as well as other evidence showing it has a negative net worth and is unable to borrow funds because its assets are frozen. Secner HR notes it briefed to the trial court, in response to appellee's motion to compel, that its Mexican counsel had stated Mexican law imposes "a number of limitations and restrictions on how company information may be disclosed." However, nothing in the record reflects Secner HR sought reconsideration of the trial court's order compelling production or complained of that order at the hearing on the contest. Instead, the record reflects Secner HR acknowledged it had not fully complied with the order and its ability to prove its net worth could be limited as a result.

On the record before us, we deny the request to vacate the trial court's orders. Without evidence of all of Acra's and Secner HR's assets and liabilities, the trial court could not determine their individual net worth. And, without a determination of their individual net worth, the amount of bond, set in accordance with civil practice and remedies code section 52.006 and appellate rule 24.2(a)(1), was not an abuse of discretion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a); TEX. R. APP. P. 24.2(a)(1). The trial court's orders are affirmed.

/Craig Stoddart/

170451F.P05

CRAIG STODDART
JUSTICE